# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
09/11/2014
CT Log Number 525680375

**TO:** Chris Dzbanski
Ford Motor Company
One American Road, WHQ 421-E6
Dearborn, MI 48126

**RE:** **Process Served in Rhode Island**

**FOR:** Ford Motor Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Francis M. Murphy and Michele Murphy, Pltfs. vs. Ford Motor Company and John Doe Manufacturer, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Amended Complaint |
| **COURT/AGENCY:** | Providence County Superior Court, RI
Case # PC143299 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - 2001 Ford F150, VIN: 1FTRW08W71KD73802 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/11/2014 at 15:16 |
| **JURISDICTION SERVED :** | Rhode Island |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David A. Ursillo
Law Offices of Gregory J. Schadone, Ltd.
7 Waterman Avenue
North Providence, NJ 02911
401-232-4000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/12/2014, Expected Purge Date: 09/17/2014
Image SOP
Email Notification, Chris Dzbanski cdzbansk@ford.com
Email Notification, Mary Ann MacKinnon mmackin1@ford.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 450 Veterans Memorial Parkway
Suite 7A
East Providence, RI 02914 |
| **TELEPHONE:** | 609-538-1818 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

XX  *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

___ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

Francis M. Murphy and Michele Murphy

                    Plaintiff

Ford Motor Company & John Doe Mfg.

                    Defendant

CIVIL ACTION, FILE NO. ...........
PC 14-3299

### *Summons*

A True Copy Attest
James Sylvester
#176  Date 9/11/14

Ford Motor Company
One America Road
Dearborn, MI 48126
c/o Reg. Agent CT Corporation System

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon David A. Ursillo Plaintiff's attorney, whose address is 7 Waterman Ave., North Providence, RI 02911 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

                                                              _____
                                                                                        CLERK

Dated: ..........................

(Seal of the Superior Court)

SR-135

# State of Rhode Island and Providence Plantations

........Providence........,SC

## PROOF OF SERVICE

I hereby certify that on the .................................. day of .................................. I served a copy of this summons and a copy of the complaint received therewith upon ..................................

in the following manner:

    By delivering a copy of the summons and complaint to him/her personally.

    By leaving a copy of the summons and complaint at his/her dwelling house, ..................................
.................................., with a person of suitable age and discretion then residing therein.  (Address)

    By leaving a copy of the summons and complaint at his/her usual place of abode, ..................................
.................................., with a person of suitable age and discretion then residing therein.

    By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..................................
such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..................................
..................................
..................................

Sheriff's Fees

    Travel.......................... $ ..................

    Service........................ $ ..................

                        $ ..................

.................................. Deputy Sheriff

---

CIVIL ACTION

FILE NO. PC 14-3299

SUMMONS

SUPERIOR COURT

Francis M. Murphy and Michele Murphy

VS

Ford Motor Company & John Doe Manufacturer

David A. Ursillo
ATTORNEY FOR PLAINTIFF

To: Defendant Ford Motor Co.
c/o Registered Agent
CT Corporation System
450 Veterans Memorial Parkway
Suite 7A
East Providence, RI 02914

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

FRANCIS M. MURPHY and
MICHELE MURPHY
    Plaintiffs,

vs.

FORD MOTOR COMPANY
and JOHN DOE MANUFACTURER
    Defendant.

C.A. No. PC 14-3299

JURY TRIAL DEMANDED

## AMENDED COMPLAINT

### FACTS RELATED TO ALL CAUSES OF ACTION AND COUNTS

1. The plaintiffs, Francis M. Murphy and Michele Murphy (Murphy) are residents of the Town of North Providence, State of Rhode Island.

2. The defendant, Ford Motor Company (Ford) is a corporation existing pursuant to the laws of one of the fifty states of the United States and has sufficient minimum contacts so as to afford jurisdiction in the State of Rhode Island.

3. The defendant John Doe Manufacturer (John Doe), is an unidentified defendant or defendants who were involved in the process manufacture the parts for Ford's trucks including the specific truck at issue in this litigation.

4. The Murphy's owned a 2001 Ford F150 with a VIN of 1FTRW08W71KD73802 (Ford Truck) and registered to Francis Murphy.

5. On or about July 6, 2011, the Murphy's were home at 10 Joslin Street, North Providence, State of Rhode Island with the Ford Truck parked at their house.

6. The Ford Truck was parked in a carport which was located under the deck to the second floor of the Murphy's home.

7. Sometime in the early morning of July 6, 2011, a fire developed inside, around or on the Ford Truck.

8. The fire engulfed the Ford Truck and then a second vehicle, a 1995 Volvo parked next to the Ford Truck, ignited due to the fire that developed from the Ford Truck.

G

filed 7/3/14

9. The fire soon thereafter caught to the attached carport, deck and house directly resulting in extremely significant damage to the personal and real property of the Murphy's.

10. As a direct result of this fire, the Murphy's suffered considerable injuries including incurring medical expenses and physical and mental pain and suffering and mental anguish.

## COUNT I
### (Negligence)

11. The plaintiffs incorporate herein by reference the allegations of paragraphs 1-9 that are not inconsistent herewith.

12. The defendant, Ford, owed a duty to manufacture, design, warn, and market the aforementioned Ford truck in a reasonable fashion.

13. The defendant, Ford, was negligent, careless, and reckless, and thereby breaching this duty, in the following particulars:

    a. by failing to manufacture the Ford Truck properly including specifically the speed control device;

    b. by failing to properly design the Ford Truck including specifically the speed control device;

    c. by failing to use the proper materials in manufacturing the Ford Truck including specifically the speed control device;

    d. by failing to design the Ford Truck so that the speed control device would not ignite and in the event it did, failing to design it so that such combustion would not increase due to other materials and fluids in the area of the speed control device;

    e. by failing to warn purchasers of the Ford Truck of the risk of serious injury due to the defective manufactured or designed speed control device;

    f. by failing to warn users of the Ford Truck of the serious hazards associated with the speed control device or its modifications or changes to it;

    g. by failing to provide proper manufactured modifications or changes, or design modifications or changes to the speed control device;

    h. by failing to provide warnings of the consequences; and

(2)

      i. by failing to exercise the degree of caution which was reasonable under the circumstances then and there existing.

14. As a direct and proximate result of the negligence of the defendant, as previously outlined, the plaintiff Michele Murphy suffered harm and loss in the form of physical and mental bodily harm and injury, has incurred and will continue to incur medical expenses in an effort to cure herself, and has suffered mental and physical pain and suffering and mental anguish.

15. As a direct and proximate result of the negligence of the defendant, as previously outlined, the Murphy's suffered harm and loss in the form of personal and real property damage including the loss of their home and all personal property including the replacement value, fair market value and/or sentimental value.

### COUNT II
### (Strict Liability)

16. The plaintiff incorporates herein by reference the allegations of paragraphs 1-14 that are not inconsistent herewith.

17. The defendant, Ford, is in the business of designing, manufacturing and selling Ford Trucks.

18. The Ford Truck at issue was defective and unreasonably dangerous when it left the control of the defendant in that is was not reasonably safe for reasonable uses such as driving or parking it since the speed control device could at any time ignite, combust or explode.

19. The defendant placed this defective and unreasonably dangerous Ford Truck into the stream of commerce, expecting it to reach consumers and users without substantial change in condition, and the Ford Truck in fact reached the Murphy's in the same condition as when originally sold by the defendant.

20. Further, to the extent applicable, the defendant placed defective and unreasonable dangerous modifications, changes or alterations for the speed control device into the stream of commerce, expecting it to reach consumers and users without substantial change in condition manufacturing or design so as not to fix, remedy or repair the issues.

21. As a direct and proximate result of the defective and unreasonably dangerous product of the defendant, as previously outlined, the plaintiff Michele Murphy suffered harm and loss in the form of physical and mental bodily harm and injury, has incurred and will continue to incur medical expenses in an effort to cure herself, and has suffered mental and physical pain and suffering and mental anguish.

22. As a direct and proximate result of the defective and unreasonably dangerous product, as previously outlined, the Murphy's suffered harm and loss in the form of personal and real property damage including the loss of their home and all personal property including the replacement value, fair market value and/or sentimental value.

## COUNT III
(Breach of Warranty)

23. The plaintiff incorporates herein by reference the allegations of paragraphs 1-21 that are not inconsistent herewith.

24. At one time or at various times, the defendant expressly or impliedly warranted that the Ford Truck was safe for use, fit for the purpose intended, and of merchantable quality.

25. By selling this Ford Truck for use by the ultimate consumer, the defendant warranted to the Murphy's that the Ford Truck was merchantable and fit for the purposes intended.

26. These express and implied warranties became part of the basis of the bargain and were relied upon.

27. In truth, the express representations and to the extent applicable, the implied representations that the Ford Truck was safe, of merchantable quality, and fit for the purposes intended were false.

28. The Ford Truck was in fact not merchantable or fit for its intended use.

29. As a direct and proximate result of the breach of warranties of the defendant, as previously outlined, the plaintiff Michele Murphy suffered harm and loss in the form of physical and mental bodily harm and injury, has incurred and will continue to incur medical expenses in an effort to cure herself, and has suffered mental and physical pain and suffering and mental anguish.

30. As a direct and proximate result of the breach of warranties of the defendant, as previously outlined, the Murphy's suffered harm and loss in the form of personal and real property damage including the loss of their home and all personal property including the replacement value, fair market value and/or sentimental value.

WHEREFORE, the plaintiffs, Francis M. Murphy and Michele Murphy, demand judgment against the defendant, Ford Motor Company and John Doe Manufacturer jointly and severally, for compensatory damages in an amount

4

sufficient to vest exclusive jurisdiction with this Court, plus interest, costs and such other and further relief as this Honorable Court shall deem fit to grant.

## COUNT IV
### (Negligence)

31. The plaintiffs incorporate herein by reference the allegations of paragraphs 1-9 that are not inconsistent herewith.

32. The defendant, John Doe, owed a duty to manufacture, design, warn, and market the aforementioned Ford truck parts in a reasonable fashion.

33. The defendant, John Doe, was negligent, careless, and reckless, and thereby breaching this duty, in the following particulars:

    j. by failing to manufacture the Ford Truck parts properly including specifically the speed control device;

    k. by failing to properly design the Ford Truck parts including specifically the speed control device;

    l. by failing to use the proper materials in manufacturing the Ford Truck parts including specifically the speed control device;

    m. by failing to design the Ford Truck parts so that the speed control device would not ignite and in the event it did, failing to design it so that such combustion would not increase due to other materials and fluids in the area of the speed control device;

    n. by failing to warn purchasers of the Ford Truck and its parts of the risk of serious injury due to the defective manufactured or designed speed control device;

    o. by failing to warn users of the Ford Truck and its parts of the serious hazards associated with the speed control device or its modifications or changes to it;

    p. by failing to provide proper manufactured modifications or changes, or design modifications or changes to the speed control device;

    q. by failing to provide warnings of the consequences; and

    r. by failing to exercise the degree of caution which was reasonable under the circumstances then and there existing.

34. As a direct and proximate result of the negligence of the defendant, as previously outlined, the plaintiff Michele Murphy suffered harm and loss in the form of physical and mental bodily harm and injury, has incurred and will continue to incur medical expenses in an effort to cure herself, and has suffered mental and physical pain and suffering and mental anguish.

35. As a direct and proximate result of the negligence of the defendant, as previously outlined, the Murphy's suffered harm and loss in the form of personal and real property damage including the loss of their home and all personal property including the replacement value, fair market value and/or sentimental value.

## COUNT V
### (Strict Liability)

36. The plaintiff incorporates herein by reference the allegations of paragraphs 1-14 that are not inconsistent herewith.

37. The defendant, John Doe, is in the business of designing, manufacturing and selling Ford Trucks parts.

38. The Ford Truck parts at issue were defective and unreasonably dangerous when it left the control of the defendant in that is was not reasonably safe for reasonable uses such as driving or parking it since the speed control device could at any time ignite, combust or explode.

39. The defendant placed this defective and unreasonably dangerous Ford Truck part or parts into the stream of commerce, expecting it to reach consumers and users without substantial change in condition, and the Ford Truck in fact reached the Murphy's in the same condition as when originally sold by the defendant.

40. Further, to the extent applicable, the defendant placed defective and unreasonable dangerous modifications, changes or alterations for the speed control device into the stream of commerce, expecting it to reach consumers and users without substantial change in condition manufacturing or design so as not to fix, remedy or repair the issues.

41. As a direct and proximate result of the defective and unreasonably dangerous product of the defendant, as previously outlined, the plaintiff Michele Murphy suffered harm and loss in the form of physical and mental bodily harm and injury, has incurred and will continue to incur medical expenses in an effort to cure herself, and has suffered mental and physical pain and suffering and mental anguish.

42. As a direct and proximate result of the defective and unreasonably dangerous product, as previously outlined, the Murphy's suffered harm and loss in the form of personal and real property damage including the loss of their home and all



personal property including the replacement value, fair market value and/or sentimental value.

## COUNT VI
### (Breach of Warranty)

43. The plaintiff incorporates herein by reference the allegations of paragraphs 1-21 that are not inconsistent herewith.

44. At one time or at various times, the defendant John Doe expressly or impliedly warranted that the Ford Truck parts were safe for use, fit for the purpose intended, and of merchantable quality.

45. By selling this Ford Truck for use by the ultimate consumer, the defendant John Doe warranted to the Murphy's that the Ford Truck part or parts were merchantable and fit for the purposes intended.

46. These express and implied warranties became part of the basis of the bargain and were relied upon.

47. In truth, the express representations and to the extent applicable, the implied representations that the Ford Truck part or parts were safe, of merchantable quality, and fit for the purposes intended were false.

48. The Ford Truck was in fact not merchantable or fit for its intended use.

49. As a direct and proximate result of the breach of warranties of the defendant, as previously outlined, the plaintiff Michele Murphy suffered harm and loss in the form of physical and mental bodily harm and injury, has incurred and will continue to incur medical expenses in an effort to cure herself, and has suffered mental and physical pain and suffering and mental anguish.

50. As a direct and proximate result of the breach of warranties of the defendant, as previously outlined, the Murphy's suffered harm and loss in the form of personal and real property damage including the loss of their home and all personal property including the replacement value, fair market value and/or sentimental value.

WHEREFORE, the plaintiffs, Francis M. Murphy and Michele Murphy, demand judgment against the defendant, Ford Motor Company and John Doe Manufacturer jointly and severally, for compensatory damages in an amount sufficient to vest exclusive jurisdiction with this Court, plus interest, costs and such other and further relief as this Honorable Court shall deem fit to grant.



FRANCIS M. MURPHY and
MICHELE MURPHY
By their attorneys,
Law Offices Of Gregory J. Schadone, Ltd.

_____
David A. Ursillo, Esq. (6620)
7 Waterman Avenue
North Providence, RI 02911
(401) 232-4000
(401) 232-2555
dursillo@schadonelaw.com

Date: July 3, 2014

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

_____
David A. Ursillo, Esq.

8